**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Case No.: 22-CA-008140

KEVIN GEORGE, individually and
on behalf of all others similarly
situated,

      Plaintiff,

vs.

EBAY INC.,

      Defendant.

_____/

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant eBay

Inc. ("Defendant" or "eBay"), hereby removes this action from the Circuit

Court of the Thirteenth Judicial Circuit in and for Hillsborough County,

Florida, and styled as Case No. 22-CA-008140 (the "State Court Action"),

to the United States District Court for the Middle District of Florida, Tampa

Division. In support of removal, Defendant states as follows:

I.    **BACKGROUND**

1.    On September 23, 2022, Plaintiff Kevin George ("Plaintiff"),

individually and on behalf of all others similarly situated, commenced a

putative class action by filing a Class Action Complaint ("Complaint") against

Defendant.  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.      On November 2, 2022, Defendant was served with the Complaint. A true and correct copy of the Service of Process is attached hereto as **Exhibit B**.[1]

3.      The Complaint alleges that Defendant sent telephonic sales calls to Plaintiff and putative class members in purported violation of the Florida Telephone Solicitation Act  ("FTSA"), Fla. Stat. § 501.059 and Senate Bill No. 1120 (Ex. A ¶¶ 1, 3).

4.      This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty (30) days after Plaintiff's service of the Complaint upon Defendant.

5.      Nothing in this Notice of Removal shall constitute a waiver of Defendant's right to arbitrate Plaintiff's claims or to assert any defense, including motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

---

[1] Plaintiff attempted to serve process on November 19, 2022, by leaving it with a security guard at an eBay building located at 2025 Hamilton Avenue, San Jose, CA 95125. This attempted service of eBay did not comply with Fla. Stat. § 48.081. Thus, the thirty (30) day removal period under 28 U.S.C. § 1446(b)(1) did not begin until November 2, 2022, when service was perfected by service of process on eBay's registered agent. *See Hionides v. Liberty Surplus Ins. Corp.*, 3:21-CV-887-TJC-MCR, 2021 WL 4473131, at *2 (M.D. Fla. Sept. 30, 2021) (holding the 30-day removal period did not begin before formal service was rendered).

## II.  **VENUE**

7.    Venue is proper under 28 U.S.C. § 1441(a) because the State Court Action is pending in Hillsborough County, Florida.

## III.  **JURISDICTION**

8.    This action is properly removable under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because, as discussed in more detail below, (i) it is a purported class action, (ii) the putative class exceeds 100 individuals, (iii) the plaintiff is a citizen of a State different from the defendant, and (iv) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

### A.  **This Action Meets the "Class Action" Definition Under CAFA**

9.    The State Court Action is a "class action." CAFA provides:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . .

28 U.S.C. § 1332(d)(1)(B).  CAFA further provides "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

10.    Plaintiff filed the State Court Action as a putative class action. *See* (Ex. A ¶ 1) ("This is a class action. . . .")

11.    Plaintiff also asserts that she seeks to represent a class, defined as:

> **All persons in the State of Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) without "prior express consent" as defined by Fla. Stat. § 501.059(1)(g), (4) on or after July 1, 2021.**

(Ex. A ¶ 20).

### B.    The Putative Class Exceeds 100 Members

12.    Defendant has submitted a declaration in support of its notice of removal that demonstrates that at least one hundred (100) persons in Florida[2] received text messages from Defendant regarding goods and/or services after July 1, 2021 (**Exhibit C**, Declaration of Carmen Chung, ¶ 8).

13.    Accordingly, the proposed class has at least one hundred members in the aggregate. 28 U.S.C. § 1332(d)(5)(b).[3]

### C.    The Action Meets CAFA's Minimal Diversity Requirement

14.    CAFA applies when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "Under

---

[2] Under the FTSA, there is a rebuttable presumption that a telephonic sales call made to any area code in the state is made to a Florida resident or to a person in the state at the time of the call. *See* Fla. Stat. § 501.059(8)(d).

[3] Although the putative class proposed by Plaintiff meets the threshold for jurisdictional purposes, Defendant denies that this action ultimately will prove appropriate for class treatment.

CAFA, federal courts now have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states)." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006).

15.    "To determine whether minimal diversity exists, courts consider the citizenship of all the class members (including putative), both named and unnamed." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (citing 28 U.S.C. § 1332(d)(1)(D).

16.    Plaintiff alleges that he is a citizen and resident of Hillsborough County, Florida. (Ex. A ¶¶ 10-11).

17.    eBay Inc. is incorporated in Delaware and has its principal place of business in San Jose, California.

18.    Accordingly, eBay Inc. is a citizen of either California or Delaware, because a corporation's citizenship is determined by its state of incorporation and the state where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…."); *see also* Ex. C, ¶ 5).

19.    Thus, the minimal diversity requirement of CAFA is satisfied because "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see also* 28 U.S.C.

§ 1332(d)(1)(D) ("the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action").

### D.    This Action Meets CAFA's Amount-in-Controversy Requirement

20.    CAFA creates original jurisdiction for "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6).

21.    The amount-in-controversy analysis considers the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover. *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 730 (11th Cir. 2014) ("[T]he plaintiff['s] likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover.") (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (emphasis in original)).

22.    To satisfy this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary

submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014); *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019).

23.    Nevertheless, Defendant has submitted a declaration in support of its notice of removal that demonstrates that the amount in controversy requirement is satisfied.    *See* Ex. D; *Pretka v. Kolter City Plaza II, Inc.*, 608 F.32`d 744, 755 (11th Cir. 2010) (to establish the amount in controversy, "[d]efendants may introduce their own affidavits, declarations, or other documentation[.]"); *Kolter City Plaza II, Inc.*, 608 F. 32' d at 756 (noting that "declaration by itself" can establish jurisdictional requirement); *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 917 (11th Cir. 2014) (agreeing with observation that defendant, in response to motion to remand, should not be required to produce "detailed, sales-record-by-sales-record proof" regarding the amount in controversy**).**

24.    When determining whether the $5,000,000 threshold has been surpassed, "a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." *Anderson*, 943 F.3d at 925 (citing *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014)).

25.    To that end, Plaintiff's Complaint seeks injunctive relief, statutory damages, and attorneys' fees and costs. (Ex. A, Prayer for Relief).

The damages sought by Plaintiff for each alleged violation of the FTSA are set forth by the statute, which provides for "actual damages or $500, whichever is greater." Senate Bill No. 1120 (amending Fla. Stat. § 501.059 (10)(a). Additionally, if the court finds that the defendant willfully or knowingly violated this the FTSA, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under the FTSA. *Id.* (amending Fla. Stat. § 501.059 (10)(b)). The statute of limitations for an FTSA claim is four years, but the FTSA only became effective on July 1, 2021, so only claims arising after that date are actionable.  Fla. Stat. § 95.11(3)(f).

26.    Business records available to Defendant reflect that since the FTSA became effective, at least 10,000 text messages were sent to persons in Florida and/or Florida residents regarding Defendant's goods and/or services using the same equipment or type of equipment utilized to send text messages to Plaintiff.  (*See* Ex. D, ¶ 8.)

27.    Since Plaintiff seeks to recover for each class member the maximum statutory damages of $500 for each call, the aggregated sum of alleged statutory damages alone exceeds $5,000,000.  Plaintiff's claims for attorneys' fees and injunctive relief further increase the "sum or value" his demand places in controversy and, when taken together with the statutory damages Plaintiff demands, yields a value that satisfies the jurisdiction

amount under CAFA. *See* 28 U.S.C. § 1332(d)(2); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1263 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.").[4]

## IV.    <u>NOTICE</u>

30.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

31.    A copy of the civil cover sheet is attached hereto.

## V.    <u>RESERVATION OF RIGHTS</u>

32.    As of the date of this Notice of Removal, Defendant has not filed a responsive pleading in the State Court Action. By removing this action, Defendant does not waive any rights or defenses available under state or federal law. Specifically, Defendant expressly reserves, without limitation, any and all defenses supporting dismissal of the Complaint, any and all rights to compel arbitration, and any and all grounds in opposition to class certification. Defendant further reserves the right to amend or supplement this Notice of Removal.

---

[4] eBay fully disputes that plaintiff is entitled to any relief, whatsoever, in this action and states this position for removal purposes only.

33.    No statement in this Notice of Removal should be construed as an admission the Complaint's allegations have merit or are sufficient to state a claim. Similarly, no statement in this Notice should be deemed an admission of liability or that Plaintiff or any other putative class member has demanded or is entitled to relief.

## VI.    <u>CONCLUSION</u>

WHEREFORE, defendant eBay Inc. respectfully requests that this matter be removed to the United States District Court for the Middle District of Florida and that this Court to assume full jurisdiction over the cause herein, as provided by law, and to issue all necessary orders and process.

Dated: December 2, 2022          Respectfully submitted,

*/s/ Daniel J. Kavanaugh*
Daniel J. Kavanaugh,
Florida Bar No. 123580
(Lead Counsel)
Judith Mercier
Florida Bar No. 32727
HOLLAND & KNIGHT LLP
200 S. Orange Ave., Suite 2600
Orlando, Florida 32801
(407) 244-1139
(407) 244-5288 (fax)
daniel.kavanaugh@hklaw.com
judy.mercier@hklaw.com