UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN GEORGE, individually and
on behalf of all other similarly
situated,

    Plaintiff,

v.

EBAY INC.,

    Defendant.
_____/

Case No. 8:22-cv-2751-WFJ-AEP

## ORDER OF REMAND

Before the Court is Plaintiff's Unopposed Motion to Remand (Dkt. 16). Although the motion is unopposed, this Court does not have the discretion to remand a properly removed action without independent review.[1] After consideration of the entire file, the Court remands for lack of subject matter jurisdiction.

Plaintiff filed this class action pursuant to the Florida Telephone Solicitation Act, section 501.059 of the Florida Statutes ("FTSA"). Dkt. 1-4. Plaintiff alleged that Defendant, a consumer goods retailer, sent him and other putative class members an automated, marketing text message without prior express written

---

[1] *Elliott v. Bonefish Grill, LLC*, No. 5:18-cv-46 (CAR), 2018 WL 1083472, at *1 (M.D. Ga. Feb. 28, 2018); *McTaggart v. Lewis Tree Serv., Inc.*, No. 5:13-cv-187-Oc-10PRL, 2014 WL 12873049 (M.D. Fla. Apr. 17, 2014).

consent. *Id*. Defendant removed pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). Dkt. 1. Plaintiff amended the complaint after removal. Dkt. 13.

Plaintiff seeks to remand based on the lack of Article III standing. As in *Iuliano v. UnitedHealth Group, Inc.*, 8:22-cv-2299-SDM-JSS, 2022 WL 18456982 (M.D. Fla. Dec. 9, 2022), Plaintiff filed this class action against Defendant for violations of the FTSA. Because "the receipt of a single, unsolicited text message" does not demonstrate a concrete injury, the complaint does not invoke Article III standing. *Id*. at *1; *see also Fontanez v. Wolverine World Wide, Inc.*, No. 8:22-cv-2538-KKM-TGW, 2022 WL 17959844 (M.D. Fla. Dec. 27, 2022) (remanding class action where no injury in fact shown by receipt of one unsolicited text message). A class action cannot stand in federal court where the class includes persons who received a single text. *See Iuliano*, 2022 WL 18456982, at *1 (citing *Drazen v. Pinto*, 41 F.th 1354, 1362 (11th Cir. 2022)); *Fontanez*, 2022 WL 17959844, at *2 (citing *Salcedo v. Hanna*, 936 F.3d 1162, 1165, 1172 (11th Cir. 2019)).

As in *Fontanez*, the Court is faced with two complaints—the initial removed complaint and the later amended complaint. 2022 WL 17959844, at *2. After examining both, the Court finds Plaintiff lacks Article III standing under either pleading.

Accordingly, the motion to remand (Dkt. 16) is granted. Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings (Dkt. 15) is denied as moot and without prejudice. The Clerk is directed 1) to remand this action to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and to transmit a certified copy of this order to the clerk of that court, 2) to terminate any pending motions and deadlines, and 3) to close the case.

**DONE AND ORDERED** at Tampa, Florida, on February 2, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record